UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.  Case No. 8:14-CR-317-T-27-AEP

ANGEL MARIDA CHAVEZ CRUZ
_____/

# SENTENCING MEMORANDUM

## I. Preliminary Statement

Angel Marida Chavez Cruz is a thirty-thee year old citizen of Mexico.[1] He is a beloved husband and father of four young children.[2] When Mr. Chavez Cruz was a child, his father use to whip him with an electrical cord.[3] When Mr. Chavez Cruz was six years old, his father withdrew him from the first grade and forced him to work in agriculture.[4] Consequently, Mr. Chavez Cruz is illiterate.[5] He has sustained himself and his family through his skill as a fisherman.[6] He has no criminal history in any country prior to the arrest in this case.[7] He is sincerely remorseful for his involvement in this case.

In accord with the decision in United States v. Booker, 543 U.S. 220

---

[1] PSR, page 3
[2] PSR, page 8
[3] PSR, page 8
[3] PSR, page 7
[4] PSR, page 7; 2014 PSR Interview
[6] October 17, 2014 PSR Interview
[6] PSR, page 6; October 17, 2014 PSR Interview
[7] PSR, page 6; October 17, 2014 PSR Interview

1

(2005) and 18 U.S.C. § 3553(a), the Defense respectfully submits that this Court should consider these as well as other factors detailed in this memorandum when it imposes sentence.

It is Defense Counsel's position that for all the reasons cited in this memorandum that this Honorable Court should sentence Mr. Chavez Cruz to the minimum mandatory sentence, 120 months, as such a sentence is sufficient to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a).

## II. Legal Framework for Sentencing Analysis

It is now well established that sentencing requires a two-step process. First, the district court must correctly calculate the sentencing guideline range. Second, the district court must consider the factors outlined in 18 U.S.C. §3553(a) to determine a reasonable sentence as to each defendant in each case.

In United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005), the Eleventh Circuit enumerated the ten factors used to determine a reasonable sentence: (1) the nature and circumstances of the offense and the defendant's personal history and characteristics; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and to provide a just punishment; (3) the need for deterrence; (4) the need to protect the

public; (5) the need to provide the defendant with appropriate educational training, vocational training, or medical care; (6) types of sentences available; (7) the correctly-calculated sentence range under the Sentencing Guidelines; (8) pertinent policy statements of the U.S. Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.

### III. Analysis of 18 U.S.C. § 3553(a) Factors

#### A. History and Characteristics of the Defendant

Mr. Chavez Cruz was born on May 3, 1981 in the village of Rancho La Amistad, State of Chiapas, Republic of Mexico. The State of Chiapas is located in the poorest area of Mexico.[8] Chiapas suffers from a high rate of illiteracy and a lack of infrastructure.[9] It also suffers from the highest rate of malnutrition in Mexico.[10] Maternal mortality and infant mortality are high.[11] An infant born in the state of Chiapas is three times as likely to die as the rate for Mexico as a whole.[12]

---

[8] *Mexico at a Glance*, United States Department of State, United States Embassy - Mexico City, January 2010: http://www.usembassy-mexico.gov/pdf/2010_Poverty_Fact_Sheet.pdf
[9] *Mexico's State of Chiapas Aims to Reduce Poverty*, Voice of America News, November, 2009: http://www.voanews.com/content/a-13-2009-06-04-voa14-68789152/411272.html
[10] Id.
[11] Id.
[12] *The Struggle for Health in Chiapas*, The Pulitzer Center on Crisis Reporting: http://pulitzercenter.org/projects/north-america/struggle-health-chiapas

Mr. Chavez Cruz endured a childhood of pain and privation. His father was abusive, frequently disciplining Mr. Chavez Cruz by whipping him with an electrical cord.[13] Also, as a child Mr. Chavez Cruz constantly witnessed his father beat his mother.[14]

When Mr. Chavez Cruz was around six years old, he attended elementary school briefly.[15] However, before he could complete the first grade his father removed him from school and sent him to work in the local cornfields.[16] Consequently, Mr. Chavez Cruz cannot read or write in any language.[17]

When Mr. Chavez Cruz was twelve years old his parents split up.[18] Mr. Chavez Cruz then went to live with his mother.[19] Over the years, Mr. Chavez Cruz learned how to fish, and eventually he was able to support himself.[20] When he was around twenty-two years of age he relocated a few miles across Mexico's southern border to the Municipality of Ocós, Department of San Marcos, Republic of Guatemala. Unfortunately, Ocós suffers from many of the same ills as Chiapas. Alcoholism, poverty,

---

[13] PSR, page 7
[14] October 17, 2014 PSR Interview
[15] Id.
[16] Id.
[17] Id.
[18] PSR, page 7
[19] Id.
[20] October 17, 2014 PSR Interview

malnutrition, and unemployment all plague Ocós.[21]

While living in Guatemala, Mr. Chavez Cruz married Ms. Angela Juaquina Vasquez. They have four daughters - ages four, eight, ten, and twelve.[22] The entire family lives in a modest structure made out of palm fronds and branches.[23] The land on which the structure sits was donated to the family by the mayor's office.[24] The home consists of one room, which the family divides by hanging blankets.[25] There is no plumbing.[26]

## B. The Correctly-Calculated Sentence Range under the Sentencing Guidelines

The PSR calculates Mr. Chavez Cruz's advisory guideline range to be an offense level 33, Criminal History I.[27] This Guideline range carries a recommended sentence of 135 to 168 months imprisonment.[28] Count One of the indictment carries a minimum mandatory of ten years imprisonment with a maximum of life imprisonment.[29]

---

[21] *Municipio de Ocós, Departemento de San Marcos, Administración de Riesgo*, Facultad de Ciencias Económicas, Universidad de San Carlos de Guatemala, 2010: http://biblioteca.usac.edu.gt/EPS/03/03_0784_v4.pdf
[22] PSR, page 8
[23] Id.
[24] October 17, 2014 PSR Interview
[25] Id.
[26] Id.
[27] PSR, page 9
[28] Id.
[29] 46 U.S.C. §§70503(a), and 70506(a) and (b); and 21 U.S.C. §960(b)(1)(B)(ii).

## C. The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct

Mr. Chavez Cruz is not a danger to reoffend. He is a simple, poor fisherman who was seduced by the temptation of financial security. Mr. Chavez Cruz has no prior criminal history.[30] The United States Sentencing Commission has noted that first time offenders such as Mr. Chavez Cruz are easily the most empirically identifiable group of guideline federal offenders who are the least likely to re-offend.[31]

Mr. Chavez Cruz is well aware that when he agreed participate in this smuggling venture that he made the biggest mistake in his life. The results of that decision have been disastrous for him; he has been plucked from his native country, stripped of all that is familiar to him, and separated indefinitely from his wife and daughters.

Perhaps most stinging to Mr. Chavez Cruz, he has lost the ability to support his daughters both financially and emotionally. Given the great privation he experienced as a child, Mr. Chavez Cruz knows the hardship his children are likely to endure in the coming years.[32] When the Bureau of

---

[30] PSR, page 6; October 17, 2014 PSR Interview
[31] *Recidivism and the First Offender*, United States Sentencing Commission, May 2004
[32] Studies in the United States have shown that among children of incarcerated fathers, there are higher rates of homelessness, poor developmental outcomes, and greater family instability. *See*: When A Parent Goes To Prison, A Child Also Pays A Price; National

Prisons does eventually release Mr. Chavez Cruz, he will undoubtedly steer clear of any contact with drug shipments for the remainder of his life.

### IV. <u>Conclusion</u>

The Defense respectfully requests this Court take all the forgoing factors into consideration when it imposes a sentence that is "sufficient but not greater than necessary to comply with" the goals of sentencing set forth in 18 U.S.C. § 3553(a).

It is Defense Counsel's position that for all the reasons cited above that this Honorable Court should sentence Mr. Chavez Cruz to the minimum mandatory sentence, 120 months.

---

Public Radio, June 8, 2014;

# EXHIBIT LIST[33]

Exhibit #1A          Letter from Angela Juaquina Vasquez – Spanish

Exhibit #1B          Letter from Angela Juaquina Vasquez – English


Exhibit #2A          Letter from Carlos Loaiza – Spanish

Exhibit #2B          Letter from Carlos Loaiza – English


Exhibit #3A          Letter from Julio Cesar Moscoso Oliva – Spanish

Exhibit #3B          Letter from Julio Cesar Moscoso Oliva – English

---

[33] Ms. Gabriela Loncar, Federally Certified Court Interpreter, translated the three Exhibits in this memorandum from Spanish to English.

**Certificate of Service**

I HEREBY CERTIFY that on January 8, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ms. Kathy Peluso, AUSA
Office of the United States Attorney
400 North Tampa Street, Suite 3200
Tampa. FL 33602

/s/ David C. Hardy
David C. Hardy, Attorney at Law
Board Certified Specialist in Criminal Trial Law
Florida Bar #689661
1710 N. 19th Street, Suite 215
Tampa, Florida 33605
Tel: (813) 990-9547
dch@thehardylawfirm.com